# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARTHA SKIDMORE,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-314** (Cir. Ct. Randolph Cnty. Case No. CC-42-2024-C-AP-4)

**JOSEPH RICARD and DOREEN RICARD,**
**Plaintiffs Below, Respondents**

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Martha Skidmore appeals from the August 6, 2024, order of the Circuit Court of Randolph County, denying her appeal from the Magistrate Court of Randolph County. Respondents Joseph and Doreen Ricard did not file a response.[1] The issue on appeal is whether the circuit court erred by directing Ms. Skidmore to vacate the property by August 9, 2024, and awarding the Ricards $258.00 plus court costs and fees as ordered by the magistrate court.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from an appeal of an action brought by the Ricards in Randolph County Magistrate Court seeking to evict Ms. Skidmore from the apartment she rented from them in Elkins, West Virginia. Following the entry of the magistrate court's order on July 18, 2024, that ruled in favor of the Ricards, Ms. Skidmore appealed to the Circuit Court of Randolph County, which held a bench trial, de novo, on August 6, 2024.[2] On the same date as the trial, the circuit court issued its order affirming the magistrate court's decision.

---

[1] Both parties are self-represented.

[2] Ms. Skidmore did not include the magistrate court's order in the appendix she filed with this Court, but it is not essential to our analysis as this matter was heard de novo by the circuit court.

1

During the bench trial, the Ricards alleged that Ms. Skidmore breached several conditions in her lease, including having pets, disturbing other tenants in the building, and smoking in her apartment. The Ricards tendered their lease agreement with Ms. Skidmore, dated December 29, 2018.[3] The circuit court focused on one particular issue – cigarette smoking by Ms. Skidmore in her apartment. On the record, the court noted that the lease expressly prohibits smoking as mandated by the owners' insurance policy. Ms. Skidmore testified and admitted to smoking in the apartment, but asserted that the Ricards permitted her to do so. Further, Ms. Skidmore testified that other tenants also smoke in their apartments. Ms. Skidmore also testified that other tenants in her building have pets, but asserted that she did not. During her testimony, Ms. Skidmore raised some issues about criminal activity around the building and a city inspection. In response to Ms. Skidmore's testimony, the Ricards testified that they did not give her permission to smoke in the apartment, and they testified that some tenants have doctors' notes for comfort animals and that there were other special circumstances.

Near the conclusion of the bench trial, the circuit court found that Ms. Skidmore smoked in her apartment in violation of the lease. The circuit court explained that it was of no consequence that other tenants had pets or smoked because Ms. Skidmore's lease prohibited her from doing what she admitted to doing. Thus, the circuit court affirmed the magistrate court's ruling and ordered Ms. Skidmore to pay the Ricards $258.00 for rent that was due, court costs and fees, and to vacate the apartment by noon on August 9, 2024. In the written order, the circuit court notes that Ms. Skidmore testified that she was given permission to smoke in the building and that the lease expressly prohibits smoking. The circuit court reiterated the ruling it made at the bench trial. It is from this order that Ms. Skidmore now appeals. Ms. Skidmore filed a Motion for Stay of the circuit court's order, which this court previously refused.

We apply the following standard for reviewing an order entered following a bench trial:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review."

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

---

[3] Ms. Skidmore did not include the lease in the appendix she filed with this Court, but we noted that she did not dispute the circuit court's finding that the lease prohibited smoking in her apartment.

On appeal, Ms. Skidmore raises four arguments that she lists as assignments of error. Essentially, Ms. Skidmore contends that the circuit court erred in ruling in favor of the Ricards and ordering her eviction when the Ricards permitted her to smoke in the apartment. According to Ms. Skidmore, some other tenants also smoked in their apartments. In addition to her arguments about smoking, Ms. Skidmore also addresses other allegations raised by the Ricards during the bench trial regarding unpermitted pets in Ms. Skidmore's apartment, insect problems, and Ms. Skidmore's harassment of other tenants. Finally, Ms. Skidmore raises the following allegations and argues that the circuit court failed to review her camera footage and text messages about these issues: the Ricards gave preferential treatment to certain tenants; some other tenants smoked in their apartments; some other tenants had pets; and that illegal activities occurred in or around the apartment building.

Given that the circuit court ruled for the Ricards on the basis that Ms. Skidmore smoked in the apartment, in breach of her lease agreement that prohibited smoking, we decline to address the other issues, as it is unnecessary.

Ms. Skidmore argues that there was no evidence that her apartment was "filled up with cigarette smoke" and that the Ricards granted her permission to smoke in the apartment because she cared for her son, who was a toddler. Ms. Skidmore asserts that the court did not ask for the evidence that she had, nor did the court "ask the right people about the verbal accusations," and that the Ricards provided only "word of mouth" with "no evidence." Generally, Ms. Skidmore requests damages for the endangerment of her son and herself and making them homeless. She requests that the Ricards be required to give her a good reference for a new lease arrangement with a new landlord. We disagree with Ms. Skidmore's arguments.

We note that the appendix filed by Ms. Skidmore contains a variety of documentation, photographs, screenshots of text messages, etc. However, it is unclear whether this documentation was entered into the evidentiary record below. Regardless, the documentation is not relevant to the issue here because it does not pertain to the narrow issue of whether Ms. Skidmore breached her lease by smoking in her apartment or whether the Ricards permitted her to do so. Importantly, however, we note that the transcript from the bench trial reveals that Ms. Skidmore admitted that she smoked in her apartment. The circuit court was not persuaded by Ms. Skidmore's testimony that the Ricards permitted her to smoke and found that she breached her lease agreement by smoking in her apartment, which she admitted to doing.

The Supreme Court of Appeals of West Virginia has consistently held that "[d]etermining the credibility of witnesses and weight of evidence is 'the exclusive function and task of the trier of fact.' *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995)." *Lilly v. Huntington Nat'l Bank,* No. 22-553, 2023 WL 7983837, at *3 (W. Va. Nov. 17, 2023) (memorandum decision). Further, Rule 52(a) of the West

Virginia Rules of Civil Procedure provides, in relevant part, that when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In the present case, the circuit court heard testimony from the Ricards and Ms. Skidmore and it clearly believed that the Ricards did not give Ms. Skidmore permission to smoke in her apartment in contravention of her lease. Accordingly, we find no clear error in the circuit court's factual findings and no abuse of discretion in its ultimate judgment. Thus, we conclude that there is no basis upon which to grant Ms. Skidmore relief.

Accordingly, we affirm the circuit court's August 6, 2024, order.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White